COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Cole and Overton
Argued at Richmond, Virginia


BRUCE IRVING FINE
                                              OPINION BY
v.    Record No. 3009-98-2          JUDGE MARVIN F. COLE
                                         FEBRUARY 29, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Margaret P. Spencer, Judge

           Robert L. Lichtenstein (Elliott B. Bender, on
           brief), for appellant.

           Thomas M. McKenna, Assistant Attorney General
           (Mark L. Earley, Attorney General;
           Virginia B. Theisen, Assistant Attorney
           General, on brief), for appellee.


     Bruce Irving Fine, appellant, appeals his conviction for

using a vehicle to promote prostitution or unlawful sexual

intercourse in violation of Code § 18.2-349.  Appellant argues

that:  (1) the evidence was insufficient to support the

conviction; and (2) the trial court abused its discretion in

refusing to dismiss the charge on the ground of collateral

estoppel.  We reverse the conviction, finding the evidence

insufficient to prove that appellant violated Code § 18.2-349.

                              FACTS

     On June 27, 1998, Detective Janice Calhoun worked as a decoy

for the investigation of prostitution.  At about 1:15 a.m.,

appellant, driving a Dodge conversion van, stopped in a travel

lane near the corner where Calhoun stood. Appellant lowered the passenger side window. Appellant asked Calhoun what she was doing. Calhoun replied, "[H]anging out, what are you looking for?" Appellant asked if Calhoun was a "cop," and she replied, "No." Appellant then asked Calhoun if she "was working." Calhoun replied, "Well, what are you looking for?" Appellant said, "A blow job." Calhoun then asked appellant, "[W]hat are you going to do for me?" Appellant replied, "[W]hat do you want?" Calhoun asked, "[I]s $20 okay?" Appellant replied, "Yes." Calhoun then told appellant to meet her in a nearby alley. Appellant did not ask Calhoun to enter the van, and appellant did not drive into the alley. Instead, appellant drove out of the area. The police stopped and arrested him a short distance away.

Calhoun testified that when she told appellant to drive into the alley, she meant to "portray that [she] was going to get in his van in the alley." Calhoun also stated that there was no motel in the area where she directed appellant to meet her, stating, "[I]t was just an alley." On cross-examination, Calhoun testified that appellant did not show her any money and that he drove away in the midst of their conversation.

Appellant testified that he was driving north from North Carolina, traveling between Florida and Massachusetts on the morning of the incident. He stated that he needed to exit the highway in order to rest. Appellant testified that he had never

-

been to Richmond before. As he drove through the area, appellant did not see any place he wanted to stay. He then saw "this blond woman standing on the side of the road." He stopped and asked what she was doing. Appellant stated that the woman asked for money, and he replied, "Yeah, sure," and "just took off."

Appellant testified he had no intention of paying Calhoun for sex, and he did not drive to the alley because he "didn't want anything to do with it." However, appellant admitted on cross-examination that he asked Calhoun for a blow job.

Also, on cross-examination, the assistant Commonwealth's attorney asked appellant, "[Y]ou were in your vehicle at this time that you approached her, correct?" Appellant replied, "That's right." Furthermore, at the December 18, 1998 hearing on appellant's motion to reconsider, appellant's counsel stated, "We don't doubt that they've met the element that he owns the vehicle, and it's the vehicle involved."

ANALYSIS

Appellant argues that the evidence was insufficient to prove that he violated Code § 18.2-349.

> Code § 18.2-349 provides:
>
> It shall be unlawful for any owner or
> chauffeur of any vehicle, with knowledge or
> reason to believe the same is to be used for
> such purpose, to use the same or to allow
> the same to be used for the purpose of
> prostitution or unlawful sexual intercourse,
> or to aid or promote such prostitution or

-

> unlawful sexual intercourse by the use of
> any such vehicle.

"[B]ecause the statute in question is penal in nature, it must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute." Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

Appellant argues that he did not intend to use the van for the purpose of prostitution or unlawful sexual intercourse. He contends that both he and Calhoun testified that when the issue of money for sex arose, appellant failed to do what Calhoun requested, and he left the area instead of driving into the alley. Therefore, he contends that he lacked the intention to use the van for prostitution. He also asserts that he did not aid or promote prostitution by use of a vehicle, and he did not engage in a substantial act in furtherance of using the van for prostitution.

Prostitution or being a prostitute is defined in Code § 18.2-346 as follows:

> A. Any person who, for money or its equivalent, commits adultery, fornication or any act in violation of § 18.2-361, or offers to commit adultery, fornication or any act in violation of § 18.2-361 and thereafter does any substantial act in furtherance thereof, shall be guilty of being a prostitute, or prostitution, which shall be punishable as a Class 1 misdemeanor.

-

> B. Any person who offers money or its equivalent to another for the purpose of engaging in sexual acts as enumerated above <u>and thereafter does any substantial act in furtherance thereof</u> shall be guilty of solicitation of prostitution and shall be guilty of a Class 1 misdemeanor.

(Emphasis added.)

We agree with appellant's arguments. Although appellant engaged in conversation concerning the exchange of money for a sexual act, there is no evidence of "any substantial act in furtherance thereof." No act of adultery, fornication or any act in violation of Code § 18.2-361 occurred. As in <u>Adams v. Commonwealth</u>, 215 Va. 257, 258-59, 208 S.E.2d 742, 744 (1974), the evidence shows at most "the required offer. Proof of the equally essential substantial act is completely lacking."

The evidence proved that appellant did not meet Calhoun in the alley as she requested. After conversing with Calhoun, appellant drove away. Appellant did not ask Calhoun to enter the van, and he did not show or give her any money. The Commonwealth's evidence merely showed that appellant had a conversation with Calhoun concerning a sexual act. Appellant made no substantial and overt act in furtherance of the crime.

Moreover, the evidence failed to prove that the van was used to "aid or promote" prostitution. Code § 18.2-348 defines the offense of "aiding prostitution" as follows:

> It shall be unlawful for any person or any officer, employee or agent of any firm, association or corporation, with knowledge

-

> of, or good reason to believe, the immoral
> purpose of such visit, to take or transport
> or assist in taking or transporting, or
> offer to take or transport on foot or in any
> way, any person to a place, whether within
> or without any building or structure, used
> or to be used for the purpose of lewdness,
> assignation or prostitution within this
> Commonwealth; or procure or assist in
> procuring for the purpose of illicit sexual
> intercourse, or any act violative of
> § 18.2-361, or to give any information or
> direction to any person with intent to
> enable such person to commit an act of
> prostitution.

No "substantial act in furtherance" of prostitution occurred after appellant and Calhoun conversed. Therefore, appellant did not use the vehicle to transport himself to a place "to be used for the purpose of . . . prostitution." Moreover, "procure" means "to take care of, bring about, obtain: achieve." Webster's Third New International Dictionary 1809 (1981). Appellant did not obtain or bring about for the purpose of illicit sexual intercourse or any act violative of Code § 18.2-361, or give "any information or direction to any person with intent to enable such person to commit an act of prostitution."

The Virginia Supreme Court found a violation of Code § 18.2-348 where a business was "strictly a medium or conduit through which orders for prostitutes were received, processed and filled." Edwards v. Commonwealth, 218 Va. 994, 1000, 243 S.E.2d 834, 838 (1978). In Edwards, "[t]he defendant provided the girls a base from which they could operate, advertised their

-

presence, described to prospective customers their physical characteristics, got them 'dates', and then dispatched them to designated hotel and motel rooms in automobiles with drivers supplied by [the defendant]." Id. Also, in Edwards, the Court found that "the operation or business carried on by defendant . . . was a venture by her, for financial gain, to aid and abet and to give information and direction to persons desiring the services of a prostitute, and to procure and assist persons who were willing to provide such services." Id.

Clearly, no evidence in appellant's case supports a finding that appellant aided or promoted prostitution. He merely conversed with the detective while he sat in the van, then drove away from the area. He did not ask her to enter the van, and he did not drive into the alley as directed by the detective. Appellant and Calhoun performed no sexual act in the van, and no money exchanged hands in the van. Appellant committed none of the acts described in Edwards where the Court found the defendant aided or promoted prostitution. Therefore, appellant's actions did not fall within the proscription of Code § 18.2-349.

Because we find the evidence insufficient to prove beyond a reasonable doubt that appellant violated Code § 18.2-349, we do

not address the collateral estoppel issue.  Accordingly, we reverse the conviction and dismiss the charge.

<u>Reversed and dismissed.</u>