COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Senior Judge Bumgardner
Argued by teleconference


MICHAEL GRAFMULLER
                                                              OPINION BY
v.        Record No. 1327-09-1                    JUDGE RANDOLPH A. BEALES
                                                              AUGUST 31, 2010
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                                  Louis R. Lerner, Judge

               Charles E. Haden for appellant.

               Susan M. Harris, Assistant Attorney General (Kenneth T.
               Cuccinelli, II, Attorney General, on brief), for appellee.


        Michael Grafmuller (appellant) pled guilty via an <u>Alford</u> plea[1] to violating Code

§ 18.2-374.3,[2] use of a communication system to solicit, with lascivious intent, a person he

knows or has reason to believe is under the age of fifteen.  On appeal, he contends the trial court

erred in sentencing him pursuant to the mandatory minimum provisions contained in Code

§ 18.2-374.3(C). [3]  For the following reasons, we find that the trial court did not err.

---

        [1] <u>North Carolina v. Alford</u>, 400 U.S. 25, 37-38 (1970) (acknowledging that a trial court
can accept a guilty plea even if the defendant will only agree that the evidence is sufficient to
convict him, but he will not admit his guilt).

        [2] Periodically throughout the proceedings, the trial court and the parties referred to this
offense as the "pornography" charge.  This inaccurate description of the offense does not affect
our analysis in this case, and no party has raised any issue regarding this mischaracterization.

        [3] On brief, appellant also contends that the trial court may have convicted him under
subsection (B), not subsection (C) of Code § 18.2-374.3, and, therefore, the trial court erred in
applying the mandatory minimum sentence.  However, the record indicates that appellant seemed
to believe he was convicted under subsection (C), and, most importantly, he did not raise any
issue regarding subsection (B) prior to his appeal to this Court.  As he did not raise this argument
in the trial court, it is barred from consideration on appeal by Rule 5A:18.

I. Background

The underlying facts are not in controversy. Appellant contacted a person that he believed was thirteen years old, via both a telephone and an email address, to arrange sexual intercourse at the home of the person's alleged aunt. This person in reality, however, was a policewoman. He was charged with four offenses arising out of this incident, including one count of violating Code § 18.2-374.3.

After appellant pled guilty via an <u>Alford</u> plea to these offenses,[4] the trial court continued the case for a sentencing hearing. At that hearing, appellant objected to sentencing under Code § 18.2-374.3(C), which contains a mandatory minimum sentence of five years "if the [defendant] is at least seven years older than the child he knows or has reason to believe is less than 15 years of age." He argued that, because the actual "child" in this case was not less than fifteen years old, the mandatory minimum sentence should not be imposed.

The trial court disagreed and sentenced appellant to ten years with five years suspended, consistent with the mandatory minimum sentence provision in the Code.[5]

II. Analysis

Under Code § 18.2-374.3(C), a defendant is guilty of illegally using a communication system if he contacts "any person he knows or has reason to believe is a child less than 15 years of age" with lascivious intent for the purpose of soliciting that person's involvement in any of

---

[4] Appellant was convicted and sentenced for violating four different statutes. In this appeal, he argues only that the trial court erred when it sentenced him to a mandatory minimum term of incarceration in relation to his conviction under Code § 18.2-374.3.

[5] The final sentencing order contains a clerical error. The transcript and sentencing order clearly state that appellant was sentenced to a total of thirty-five years and that twenty-five years of that sentence would be suspended. However, at the conclusion of the sentencing order entered on May 18, 2009, the order lists the "total time suspended" as "26 years." Therefore, we remand this case for the trial court to correct this conclusion of the sentencing order. <u>See</u> Code § 8.01-428.

several sexual encounters. While generally this crime is treated as a Class 5 felony, if a defendant was "at least seven years older than the child he knows or has reason to believe is less than 15 years of age," then he shall be sentenced to "a term of imprisonment of not less than five years nor more than 30 years in a state correctional facility, five years of which shall be mandatory minimum term of imprisonment." Code § 18.2-374.3(C).

Appellant, who was thirty-two years old at the time of the offense, contends that the trial court misinterpreted this statute. Specifically, he argues that the use of "the child" in the sentencing portion of Code § 18.2-374.3(C) should be interpreted to mean that the mandatory minimum sentence applies only when the victim is actually a child. As the recipient of his email and telephone communications in this case was a policewoman, not an actual child, appellant contends that the trial court erred in applying the five-year minimum in this case.

A. Statutory Interpretation Principles

"Statutory interpretation is a question of law which we review *de novo*, and we determine the legislative intent from the words used in the statute, applying the plain meaning of the words unless they are ambiguous or would lead to an absurd result." Wright v. Commonwealth, 278 Va. 754, 759, 685 S.E.2d 655, 657 (2009). In addition, we should avoid interpretations that "would negate the legislative intent and would require an unreasonably restrictive interpretation of the statute." Ansell v. Commonwealth, 219 Va. 759, 763, 250 S.E.2d 760, 763 (1979). When "a statute contains no express definition of a term, the general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used." Hubbard v. Henrico Ltd. Pshp., 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998). This Court must avoid interpretations that would "violate the settled principle of statutory construction that every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely

necessary." Id. In this analysis, we are guided by the principles expressed in Harris v.

Commonwealth, 142 Va. 620, 625, 128 S.E. 578, 579 (1925):

> When we know the object of a statute and are called upon to construe a phrase or a sentence which, standing alone, may be susceptible of different interpretations, we know of no safer rule than to take the statute by its four corners and critically examine it as a whole to ascertain the legislative intent, as manifested by its different provisions. If, upon such an examination, an interpretation can be made, consistent with the language used, which will carry into effect the object sought to be accomplished by the statute, that interpretation should be adopted, in preference to one which would be equally consistent with the language used, standing alone, but which would defeat, or tend to defeat, the manifest intent of the legislature.

In short, courts must defer to the clear language enacted by the General Assembly and its clear

purpose for enacting or amending a statute.

### B. Use of "the child" in Code § 18.2-374.3(C)

In order to convict a defendant of a violation of Code § 18.2-374.3(C), the trial court

must find, *inter alia*, that the defendant was communicating with "any person" that he "knows or

has reason to believe is a child less than 15 years of age."[6] Appellant conceded that he

---

[6] The entirety of Code § 18.2-374.3(C) reads:

> It shall be unlawful for any person 18 years of age or older to use a communications system, including but not limited to computers or computer networks or bulletin boards, or any other electronic means, for the purposes of soliciting, with lascivious intent, *any person* he knows or has reason to believe is a child less than 15 years of age to knowingly and intentionally:
>
> 1. Expose his sexual or genital parts to any child to whom he is not legally married or propose that any such child expose his sexual or genital parts to such person;
>
> 2. Propose that any such child feel or fondle the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child;
>
> 3. Propose to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361; or

- 4 -

communicated with the police officer believing that she was a child less than fifteen years old.

The sentencing language then requires that a perpetrator receive at least a five-year sentence if he

"is at least seven years older than *the child* he knows or has reason to believe is less than 15

years of age."  Code § 18.2-374.3(C) (emphasis added).  Appellant argues that his crime did not

actually involve a child, so "the child" is nonexistent in this case.  Therefore, he contends, the

mandatory minimum provision in the statute does not apply here.  We disagree.

This Court has previously noted that the purpose behind this portion of Code

§ 18.2-374.3 is to criminalize "the knowing use of a communications system to solicit a minor

for certain criminal acts," but "does not require the solicitation of an actual minor."  Podracky v.

Commonwealth, 52 Va. App. 130, 138, 141, 662 S.E.2d 81, 85, 87 (2008).  Code

§ 18.2-374.3(C) creates a crime that involves the incitement to act illegally rather than actually

committing the illegal act.  Thus, the legislature clearly did not intend that the victim must be an

actual child; the defendant's solicitation of sexual behavior from a person that he believes is a

child constitutes the behavior that the legislature intended to prohibit.  Id. at 142, 662 S.E.2d at

---

4. Entice, allure, persuade, or invite any such child to enter any vehicle, room, house, or other place, for any purposes set forth in the preceding subdivisions.

Any person who violates this subsection is guilty of a Class 5 felony.  However, if the person is at least seven years older than *the child* he knows or *has reason to believe* is less than 15 years of age, the person shall be punished by a term of imprisonment of not less than five years nor more than 30 years in a state correctional facility, five years of which shall be mandatory minimum term of imprisonment.  Any person who commits a second or subsequent violation of this subsection when the person is at least seven years older than the child he knows or has reason to believe is less than 15 years of age shall be punished by a term of imprisonment of not less than 10 years nor more than 40 years, 10 years of which shall be a mandatory minimum term of imprisonment.

(Emphasis added.)

88 (noting that "Hix also establishes that Podracky was guilty of criminal solicitation despite the fact that he mistakenly addressed his solicitations to an adult police officer." (citing Hix v. Commonwealth, 270 Va. 335, 619 S.E.2d 80 (2005))); see Huffman v. Commonwealth, 222 Va. 823, 826-27, 284 S.E.2d 837, 839-40 (1981) (discussing solicitation as an inchoate crime, universally recognized under the common law of the United States). The legislature crafted the language that establishes this offense, and the punishment for it, in a manner that makes proof of the actual age of the recipient of the offending communication irrelevant. A trial court may convict a defendant upon proof that he *believed* the person that he solicited was a child. Thus, in every case of a conviction under Code § 18.2-374.3(C), if the defendant communicates with the victim of his solicitations and that person is held out to the defendant as being a child under the age of fifteen, then the person solicited is "a child" – whether the actual person contacted is a child or not – for the purposes of this statute.[7]

With this manifest intent of the General Assembly in mind, Harris, 142 Va. at 625, 128 S.E. at 579, we turn to the sentencing portion of Code § 18.2-374.3(C). In order for the mandatory minimum to apply to appellant's sentencing, the evidence needed to prove that he was "at least seven years older than *the child* he knows or has reason to believe is less than 15 years of age." (Emphasis added.) Appellant claims that the use of "the child" indicates that the legislature intended that, for purposes of the mandatory minimum, the victim must be an actual child.

---

[7] Although the evidence in this case established that the person that appellant believed was thirteen years old was actually a police officer, the Commonwealth was not required to prove anything about the actual person who was contacted by appellant. Code § 18.2-374.3 requires that the Commonwealth prove that the defendant knew or had reason to believe that the person he contacted was under the age of fifteen--not the actual age or identity of that person. We note that the Commonwealth did not include the age of the police officer that appellant contacted in its proffer of the facts at the time of the guilty plea, but did include information on the age of the person that appellant believed he was contacting and why appellant believed that she was under the age of fifteen.

Although to convict a defendant under Code § 18.2-374.3 the Commonwealth does not need to prove that the defendant contacted an actual child, the General Assembly, by enacting this statute, clearly intended to protect children from people who would take advantage of them *before* the perpetrator could commit a sexual assault on an actual child. See Colbert v. Commonwealth, 47 Va. App. 390, 398-99, 624 S.E.2d 108, 112-13 (2006) (noting that the provisions of what is now Code § 18.2-374.3(C) are intended to protect children). The lack of a requirement that the Commonwealth prove any assault occurred and the lack of a requirement that an actual child be contacted clearly indicate this intent. See Hubbard, 255 Va. at 340, 497 S.E.2d at 338 ("[T]he general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used."). Applying the mandatory minimum sentencing provisions *only* to circumstances where a defendant contacted an actual child would undermine this purpose, allowing defendants who have the same purpose and take the same actions to avoid mandatory prison terms and continue their attempts to solicit children.

Code § 18.2-374.3(C) requires that the trial court sentence a defendant to at least five years if "the person," i.e., the defendant, is seven years or more older than "*the* child he knows or has reason to believe is less than 15 years of age." (Emphasis added.) The word "the" is used grammatically in the statute as a definite article – a word that, when used before a noun, specifies or particularizes the meaning of the noun that follows, as opposed to the indefinite article "a." See American Bus Ass'n v. Slater, 231 F.3d 1, 4-5 (D.C. Cir. 2000) (explaining that "[i]t is a rule of law well established that the definite article 'the' particularizes the subject which it precedes. It is a word of limitation as opposed to the indefinite or generalizing force of 'a' or 'an.'" (citing Black's Law Dictionary 1477 (6th ed. 1990))). The legislature used the definite article "the" before "child" in the sentencing portion of the statute, instead of the indefinite article "a" that it used before "child" in the offense portion of the statute. "The child" clearly refers to the one,

particular subject who was the victim and target of the offense – whether that "child" was actually an adult or not. See Allstate Ins. Co. v. Smiley, 659 N.E.2d 1345, 1352 (Ill. App. Ct. 1995) ("The word 'the' is 'an article which particularizes the subject spoken of' (Black's Law Dictionary 1477 (6th ed. 1990)); thus, use of the term 'the insured' in an exclusionary clause is meant to refer to a definite, specific insured."); Lydon v. Sprinkler Servs., 841 A.2d 793, 797 (Me. 2004) ("In this context, because 'the employee' certainly refers to the specific employee whose case is at issue, the evident change from the definite article to the use of the indefinite article 'an employee' in the final prohibition must reflect a legislative intent to refer not to the employee at issue, but to 'any' employee."); Stephan v. Pennsylvania Gen. Ins. Co., 621 A.2d 258, 261 (Conn. 1993) ("As a definite article, the word 'the' refers to a specific object whereas the indefinite articles 'a' and 'an' refer to unlimited objects."). The mandatory minimum provision in Code § 18.2-374.3(C) clearly references *the* victim or target who is the subject of this crime, and who may or may not be an actual child.

In addition, the repetition of the phrase, "he knows *or has reason to believe* is less than 15 years of age," in Code § 18.2-374.3(C) (emphasis added) supports the trial court's interpretation of the statute as applying even if the victim is not actually a child. If the legislature had intended "the child" to refer to an actual child, as appellant contends, then the legislature would have left the phrase, "he knows or has reason to believe," out of the sentencing provision and added language to clarify that "child," as used in this portion of the statute, no longer referred to any person that a defendant *believed* was under the age of fifteen. Instead, the General Assembly repeated the phrase, "he knows or has reason to believe is less than 15 years of age," in the sentencing portion of the statute, strongly suggesting that the actual age of "the child" is unimportant – just as it is unimportant in the guilt phase. In addition, we note that appellant's interpretation of this statute would have us simply ignore this phrase, which is

- 8 -

completely contrary to the principles of statutory interpretation and completely contrary to a common sense interpretation of the legislature's purpose in enacting this statute. Wright, 278 Va. at 759, 685 S.E.2d at 657; Hubbard, 255 Va. at 340, 497 S.E.2d at 338; Harris, 142 Va. at 625, 128 S.E. at 579.

For the foregoing reasons, we find that the mandatory minimum sentencing provision in Code § 18.2-374.3(C) applied in this case. The victim of the crime need not be an actual child for the mandatory minimum sentence to apply.

### III. Conclusion

As the mandatory minimum sentencing provision applies here, the trial court did not err in sentencing appellant to an active sentence of five years in prison (i.e., ten years in prison, with five years suspended) upon his conviction of using a communication system to solicit a sexual encounter with a person he believed was under the age of fifteen. Therefore, we affirm his conviction and sentence, but remand for correction of a clerical error in the final sentencing order.

Affirmed and remanded.

- 9 -