COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Coleman
Argued at Chesapeake, Virginia


SCOTT LOUIS BAKRAN

                                                               OPINION BY
v.        Record No. 2510-09-1              JUDGE ROBERT J. HUMPRHEYS
                                                               OCTOBER 26, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Joseph A. Leafe, Judge

Albert C. Selkin (White and Selkin, on brief), for appellant.

John W. Blanton, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.


Scott Louis Bakran ("Bakran") was convicted in a bench trial of use of a vehicle to

promote prostitution, in violation of Code § 18.2-349.  Bakran was sentenced to six months in

jail, with six months suspended for two years.  On appeal, Bakran argues that the trial court erred

in finding the evidence sufficient to support his conviction for use of a vehicle to promote

prostitution.  For the following reasons, we disagree and affirm.

BACKGROUND

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  That principle requires

us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as

true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn

therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (citation

omitted).  So viewed, the evidence is as follows.

On May 7, 2009, Officer B.L. Campbell ("Campbell"), of the Norfolk Police Department, was on duty and working undercover for the vice and narcotics unit for the purpose of "observ[ing] any type of illegal activity."  She was standing on the edge of a sidewalk next to the parking lot of a motel dressed in jeans, a tank top, and tennis shoes when Bakran pulled into the parking lot in a 2004 Chevy Trailblazer.  Bakran pulled into the parking spot directly behind Campbell, made eye contact with her, and gestured for her to come over to his vehicle.

Campbell approached the vehicle, and the following conversation took place:

> Bakran:  What are you doing here?
>
> Campbell:  Just hanging out.
>
> Bakran:  Oh, Would you like to take a ride?
>
> Campbell:  No.  I don't get into people's cars.  It's not safe.
>
> Bakran:  Well, what are you out here doing?
>
> Campbell:  Just hanging out.  Why?  What are you looking to get into?
>
> Bakran:  Well, what are you looking to get into?
>
> Campbell:  I'm just out here hanging out.
>
> Bakran:  How much for a blow job?
>
> Campbell:  How much you got?
>
> Bakran:  $40.

After the above discussion, Bakran asked Campbell if she was a cop.  Campbell replied, "No, are you a cop?"  Bakran subsequently asked Campbell if he could touch her breasts.  Upon receiving her permission, he reached out of the car window and touched them.  Then Bakran indicated for Campbell to touch his groin, after which she reached into the car and touched Bakran's groin.  Campbell informed Bakran that she had a room at the motel, and invited him to come to the room with her.  Campbell testified that the room was approximately thirty feet from where Bakran's

car was parked. Bakran got out of his vehicle and went with Campbell to her motel room where he was taken into custody.

On November 2, 2009, the trial court convicted Bakran of use of a vehicle to promote prostitution. This appeal followed.

ANALYSIS

In a challenge to the sufficiency of the evidence, "we 'presume the judgment of the trial court to be correct' and 'will not set it aside unless it is plainly wrong or without evidence to support it.'" Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (quoting Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992); Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986)). The reviewing court, under this standard, does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). Instead, the reviewing court must answer the question of whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original).

Thus, "we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). "[W]hen we consider the sufficiency of the evidence . . . we review the totality of the evidence to determine whether it was sufficient to prove an offense." Bowling v. Commonwealth, 51 Va. App. 102, 107, 654 S.E.2d 354, 356 (2007) (citing Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004)).

Code § 18.2-349 provides:

> It shall be unlawful for any owner or chauffeur of any vehicle, with knowledge or reason to believe the same is to be used for such

purpose, to use the same or to allow the same to be used for the purpose of prostitution or unlawful sexual intercourse, or to aid or promote such prostitution or unlawful sexual intercourse by the use of any such vehicle.

"'Because the statute in question is penal in nature, it must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute.'" Fine v. Commonwealth, 31 Va. App. 636, 640, 525 S.E.2d 69, 70 (2000) (quoting Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)).

Prostitution is defined in Code § 18.2-346 as:

A. Any person who, for money or its equivalent, commits adultery, fornication or any act in violation of § 18.2-361, or offers to commit adultery, fornication or any act in violation of § 18.2-361 *and thereafter does any substantial act in furtherance thereof*, shall be guilty of being a prostitute, or prostitution, which shall be punishable as a Class 1 misdemeanor.

B. Any person who offers money or its equivalent to another for the purpose of engaging in sexual acts as enumerated above *and thereafter does any substantial act in furtherance thereof* shall be guilty of solicitation of prostitution and shall be guilty of a Class 1 misdemeanor.

(Emphasis added.); see also Fine, 31 Va. App. at 640, 525 S.E.2d at 70.

Bakran contends that his vehicle was not used to transport him or anyone else to a place to be used for prostitution, and further that no "substantial act" occurred in his vehicle for the furtherance of prostitution or unlawful sexual intercourse. He argues that his initial offer for Campbell to go for a ride with him did not violate the statute in any respect and that Campbell informed him of her motel room on her own initiative which then made the vehicle not integral to the plans since Campbell had turned down the offer to ride. Bakran argues further that in leaving the car and going to the motel room the vehicle was not used as is required by the statute, and although there was a conversation regarding the exchange of money for a sexual act while he was in the vehicle, there was no evidence of a substantial act occurring in the vehicle.

Bakran relies on Fine, which is the only case to date addressing Code § 18.2-349, in which this Court reversed Fine's conviction holding that a similar interaction between an officer and a defendant was insufficient to support the defendant's conviction under Code § 18.2-349. 31 Va. App. at 642, 525 S.E.2d at 71-72. In that case, Fine drove up to an undercover officer, began a conversation with her, and during the course of conversation asked the officer for a "blow job." Id. at 638, 525 S.E.2d at 70. The officer asked if $20 was okay, to which Fine replied yes, and the officer subsequently told Fine to meet her in a nearby alley. Id. However, Fine drove out of the area instead of to the alley, and was arrested a short distance away. Id. In holding the evidence was insufficient, this Court noted that although the evidence "showed that [Fine] had a conversation with [the officer] concerning a sexual act[,]" Fine "made no substantial and overt act in furtherance of the crime." Id. at 641, 525 S.E.2d at 71. This Court further held there was no evidence that the van was used to "aid or promote" prostitution because no "'substantial act in furtherance' of prostitution" occurred after Fine and the officer conversed. Id.

In contrast to Fine, in this case, the evidence proved that Bakran initiated a conversation with Campbell concerning a "blow job," how much money he had, and whether she was a "cop." In addition, unlike Fine, Bakran asked Campbell to take a ride at the outset of the conversation, and Bakran engaged in substantial acts in furtherance of completing the sexual transaction. Not only did Bakran and Campbell engage in physical sexual touching with each other while Bakran was sitting in the vehicle, but Bakran actually went with Campbell to her motel room as they had also discussed. The motel room was not agreed upon until after Bakran and Campbell had discussed oral sex, the price for a "blow job," and had engaged in the sexual touching. In addition, all of this occurred while he was still within his vehicle. Thus, "substantial act[s] in furtherance" of prostitution took place in the vehicle.

Furthermore, the vehicle in this case was also used to "aid or promote" prostitution. "Aiding prostitution" is defined in Code § 18.2-348 as follows:

> It shall be unlawful for any person or any officer, employee or agent of any firm, association or corporation, with knowledge of, or good reason to believe, the immoral purpose of such visit, to take or transport or assist in taking or transporting, or offer to take or transport on foot or in any way, any person to a place, whether within or without any building or structure, used or to be used for the purpose of lewdness, assignation or prostitution within this Commonwealth; or procure or assist in procuring for the purpose of illicit sexual intercourse, or any act violative of § 18.2-361, or to give any information or direction to any person with intent to enable such person to commit an act of prostitution.

As noted in Fine, "'procure' means 'to take care of, bring about, obtain: achieve.'" 31 Va. App. at 641, 525 S.E.2d at 71 (quoting Webster's Third New International Dictionary 1809 (1981)).

In Fine, this Court held that because no substantial act occurred in furtherance of prostitution after Fine's conversation with the officer, his vehicle was not used "to transport himself to a place 'to be used for the purpose of . . . prostitution.'" Id. Further, we noted that Fine did not "obtain or bring about for the purpose of illicit sexual intercourse or any act violative of Code § 18.2-361, or give 'any information or direction to any person with intent to enable such person to commit an act of prostitution.'" Id.

However, unlike in Fine, in this case Bakran not only committed substantial acts in furtherance of prostitution while in the vehicle, by driving himself in the vehicle to the parking lot of the motel for the purpose of engaging the services of a prostitute, he used his vehicle to transport himself to a place "to be used for the purpose of . . . prostitution." Code § 18.2-349. Thus, Bakran's actions clearly fall within those proscribed by Code § 18.2-349.

The evidence in this case is sufficient to prove beyond a reasonable doubt that Bakran used a vehicle to promote prostitution. Therefore, we hold that the trial court did not err in holding the evidence sufficient to support his conviction under Code § 18.2-349, and affirm.

Affirmed.