UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Decker, Russell and Senior Judge Felton
Argued at Norfolk, Virginia


KIMBERLEE DIETZ

                                                      MEMORANDUM OPINION* BY
v.       Record No. 0861-15-1                         JUDGE WALTER S. FELTON, JR.
                                                      MAY 3, 2016

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Wilford Taylor, Jr., Judge

          Timothy G. Clancy (Moschel, Clancy & Walter, P.L.L.C.; Clancy &
          Walter, P.L.L.C, on briefs), for appellant.

          Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
          Attorney General, on brief), for appellee.


        In a bench trial, Kimberlee Dietz (appellant) was convicted of using a communications

system for purposes of procuring or promoting the use of a minor for an illicit purpose, in

violation of Code § 18.2-374.3(B).  Code § 18.2-374.3(B) provides, in pertinent part:

          It is unlawful for any person to use a communications system,
          including but not limited to computers or computer networks or
          bulletin boards, or any other electronic means for the purposes of
          procuring or promoting the use of a minor for any activity in
          violation of § 18.2-370 or 18.2-374.1.

Under Code § 18.2-370(A)(1), it is unlawful for any person eighteen years of age or more, "with

lascivious intent, [to] knowingly and intentionally . . . [e]xpose his or her sexual or genital parts

to any child to whom such person is not legally married . . . ."[1]

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Code § 18.2-370 prohibits taking indecent liberties with children through various forms
of conduct, but only the illegal actions described in Code § 18.2-370(A)(1) have conceivable
application to the facts of this case.  Nor was there evidence that appellant's actions were to

On appeal, appellant contends the evidence was insufficient to sustain her conviction because she engaged only in inappropriate texting with a person she believed was a minor.[2] She maintains the trial court erred in failing to find that a conviction under Code § 18.2-374.3(B) requires the defendant to have used an electronic device to communicate with a third party, not merely the minor himself, to procure or promote the illegal activity with the minor. She further argues that the photograph she sent the police officer who was posing as a minor did not contain an exposure of a sexual or genital part, as set forth in Code § 18.2-370(A)(1). We reject appellant's arguments on appeal, find the evidence sufficient to support the conviction, and affirm the judgment of the trial court.

BACKGROUND

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Slade v. Commonwealth, 43 Va. App. 61, 69, 596 S.E.2d 90, 94 (2004) (quoting Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999)).

> When considering on appeal the sufficiency of the evidence presented below, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) . . . . Thus, we do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is

procure a minor for purposes of producing child pornography, as prohibited by Code § 18.2-374.1.

[2] At oral argument, appellant agreed that for purposes of a conviction under Code § 18.2-374.3(B) it is irrelevant whether the defendant was using the electronic device to communicate with an actual minor or merely a person posing as a child. See Hix v. Commonwealth, 270 Va. 335, 345, 619 S.E.2d 80, 86 (2005). Accordingly, we make no distinction between these activities in analyzing the assignments of error on appeal.

> whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Kelly v. Commonwealth, 41 Va. App. 250, 257-58, 584 S.E.2d 444, 447 (2003) (*en banc*).

So viewed, the evidence proved that on March 2, 2014, appellant was a teacher employed at a public elementary school in the city of Hampton. G.S., who was then eleven years old, was one of appellant's students.

A few weeks before March 2, 2014, appellant asked G.S. for the number to his cellular telephone. Appellant told G.S. she was asking for the number because a female student wanted it. G.S. provided appellant the number to his cell phone. Thereafter, G.S. received text messages from an unknown source. Ultimately, G.S. determined that the text messages he was receiving were from appellant.

One evening, G.S. was watching a movie at home with his father, Ronald Simon, and his brother. Simon became concerned about text messages G.S. was receiving, and asked who was sending them. G.S. responded that appellant was sending the messages. Simon took G.S.'s phone and reported the matter to the police.

G.S.'s parents surrendered the child's phone to the police. Using G.S.'s phone, and following the thread of prior text messages between appellant and G.S., Officer Randy Mayer then posed as G.S. in a further exchange of text messages with appellant. During the exchange, appellant sent G.S. four photographs of herself. The photographs were taken while appellant was in the bathtub. One of the photographs was of appellant's unclothed shoulders and a large portion of her breasts. In the photograph, appellant's arm shields from view her nipples and the

portions of her breasts below that level. Other photographs were of appellant's legs and lips. One of them showed appellant's legs, in the bathtub and surrounded by soap suds, with one leg raised above the edge of the tub.

In the exchange of messages during which appellant sent the photographs of herself, appellant expressed guilt about her interactions with G.S., that she knew what she was doing was "inappropriate," and that she knew her actions could subject her to criminal prosecution or termination from her job. She asked G.S. if he wanted her to send pictures of herself in the bathtub. When he responded yes, she sent the photograph of her legs, then told G.S. to delete it. She asked if G.S. had seen a woman's "boobs" before, and he said he had, but only on television. She then sent him the photograph of her breasts. Afterward, appellant told G.S. to delete the photo. Appellant then sent a photo of her lips in a kissing motion. Appellant advised G.S. to hide her contact information on his phone from his parents. She also said she wanted to kiss G.S. and that she wished he was eighteen so that they could be together. The exchange of messages ended because G.S.'s phone was losing power.

After the exchange of messages, the police arrived at appellant's home with a search warrant. Mayer explained to appellant that he was the person with whom she had been texting. She admitted that she thought she had sent the photos to G.S., not Mayer.

At trial, the parties stipulated: "[N]one of the messages sent to [G.S.] were [sic] sexually explicit nor did they contain anything that would rise to the level of explicit or lascivious intent." The parties further stipulated that appellant sent G.S. messages that "she wished that [G.S.] was 18 years old so that they could be together," and indicating she thought G.S. "was cute." G.S. had received text messages that he later deleted from his phone because appellant asked him to do so.

DISCUSSION

Consideration of both issues raised by appellant on appeal requires us to review the trial court's interpretation of the statutory language contained in Code § 18.2-374.3 and Code § 18.2-370(A)(1) and its determination of the required elements of the crime of which appellant was convicted.

> "Statutory interpretation is a question of law which we review *de novo*, and we determine the legislative intent from the words used in the statute, applying the plain meaning of the words unless they are ambiguous or would lead to an absurd result." Wright v. Commonwealth, 278 Va. 754, 759, 685 S.E.2d 655, 657 (2009). In addition, we should avoid interpretations that "would negate the legislative intent and would require an unreasonably restrictive interpretation of the statute." Ansell v. Commonwealth, 219 Va. 759, 763, 250 S.E.2d 760, 763 (1979). When "a statute contains no express definition of a term, the general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used." Hubbard v. Henrico Ltd. Pshp., 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998).

Grafmuller v. Commonwealth, 57 Va. App. 58, 61-62, 698 S.E.2d 276, 278 (2010). "In short, courts must defer to the clear language enacted by the General Assembly and its clear purpose for enacting or amending a statute." Id. at 62, 698 S.E.2d at 278.

I.

As her assignment of error, appellant asserts:

> The trial court erred in finding the evidence sufficient as a matter of law to prove the required element of procuring or promoting the use of a minor under Virginia Code § 18.2-374.3(B) where the evidence showed only that the Defendant/Appellant engaged in inappropriate texting directly with the "minor."

She argues the statute was intended to target those who use electronics to "troll" for a minor for an illicit purpose.

Although not defined within Code § 18.2-374.3, this Court has found the term "procure" means "'to take care of, bring about, obtain: achieve.'" Bakran v. Commonwealth, 57 Va. App.

- 5 -

197, 204, 700 S.E.2d 471, 474 (2010) (quoting Fine v. Commonwealth, 31 Va. App. 636, 641, 525 S.E.2d 69, 71 (2000)), aff'd, 282 Va. 344, 718 S.E.2d 463 (2011). We find no definition of "promote" either in Virginia statutes or case law. But see 21A Michie's Jurisprudence of Virginia and West Virginia, Words and Phrases, Part 3 (defining "promote" "as to contribute to the growth, enlargement or prosperity of: further, encourage").

By enacting Code § 18.2-374.3, "the General Assembly . . . clearly intended to protect children from people who would take advantage of them *before* the perpetrator could commit a sexual assault on an actual child." Grafmuller, 57 Va. App. at 65, 698 S.E.2d at 280 (interpreting Code § 18.2-374.3(C)).

The plain language of Code § 18.2-374.3(B), including the terms "procure" and "promote," contains no requirement that the person with whom the defendant communicates be someone other than the minor he or she seeks to involve in the illicit activity. We decline to inject a requirement of the involvement of a third party to Code § 18.2-374.3(B) where none exists in the statute as enacted. "[W]hen the General Assembly has used words of a plain and definite import, courts cannot assign to them a construction that effectively would add words to the statute and vary the plain meaning of the language used." Woods v. Mendez, 265 Va. 68, 75, 574 S.E.2d 263, 267 (2003). Finding no requirement of the involvement of a third party is consistent with the statute's purpose of protecting minors from predators who use electronic means to involve children in harmful conduct. Accordingly, the Commonwealth was not required to prove that appellant used an electronic device to communicate with a person other than G.S., or a person posing as G.S., to engage G.S. in an illicit activity.

II.

Appellant argues that to satisfy the requirements of Code § 18.2-374.3(B), the Commonwealth was required to prove an actual violation of Code § 18.2-370(A)(1). She claims

that the Commonwealth's evidence was insufficient because the photograph of appellant's breasts did not show them completely exposed and that such complete exposure is necessary for a breast to be a "sexual part."[3]  The Commonwealth argues that it was required to prove only that appellant intended to violate Code § 18.2-370(A)(1), not that she actually did so.  Nonetheless, the Commonwealth argues, an actual violation of Code § 18.2-370 was established.

In Moyer v. Commonwealth, 33 Va. App. 8, 531 S.E.2d 580 (2000) (*en banc*), this Court considered the sufficiency of the evidence to support the defendant's convictions for violating Code § 18.2-370.1 by proposing that a child "expose his or her sexual or genital parts to such person."[4]  The defendant, a teacher at a military academy, had paddled the bare buttocks of two of his students.  See Moyer, 33 Va. App. at 29-32, 531 S.E.2d at 590-91.  With regard to what parts of the body are considered "sexual parts," this Court stated:

> The ordinary dictionary definition of "sexual" is "1.  Of, relating to, involving, or characteristic of sex, sexuality, the sexes, or the sex organs and their functions.  2.  Implying or symbolizing erotic desires or activity.  3.  Of, relating to, or involving the union of male and female gametes: sexual reproduction."  The American Heritage Dictionary of the English Language 1654 (3d ed. 1992).  "Genital," in relevant part, is defined as "1.  Of or relating to biological reproduction [or] 2. . . . [the reproductive organs, especially the external sex organs]."  Id. at 756.  Giving these words their plain meaning, the term "sexual parts" clearly encompasses certain genital parts, as well.  However, to interpret the term "sexual parts" as including only genital parts or vice versa would violate rules of statutory construction.  Instead, . . . we must presume the legislature intended to give separate meaning to the term "sexual parts" and did not intend merely to use superfluous language. . . .

---

[3] At oral argument, appellant conceded that the female breast in general is a "sexual part," but argued that there must be full exposure of the breast, including the nipple, to constitute a violation of Code § 18.2-370.

[4] Under Code § 18.2-370.1, the Commonwealth is required to prove that the defendant "maintains a custodial or supervisory relationship" over the child involved in the illicit activity.

In determining whether that separate meaning includes buttocks, both the dictionary definition and the definitions of similar terms in other code sections are instructive. Under the second quoted definition of sexual, the term "sexual parts" would also include those parts which "impl[y] or symboliz[e] erotic desires or activity." Such a definition is not limited to reproductive parts. Similarly, in Code § 18.2-67.10(2), which defines terms used in the article proscribing various types of criminal sexual assault, "intimate parts" include not only the genitalia but also the "anus, groin, breast or buttocks." Further, as the trial court observed in this case, in Code § 18.2-390, which defines terms used in the article proscribing the sale or loan of certain items to juveniles, "sexual conduct" includes certain "actual or . . . simulated . . . contact in an act of apparent sexual stimulation or gratification with a person's clothed or unclothed genitals, pubic area, buttocks *or, if such be female, breast*." Neither of these definitions limits the use of the term "sexual" to the reproductive organs. *Although the definition of sexual conduct requires more than simulated or actual contact, it makes clear that contact even with non-reproductive parts such as buttocks may nevertheless be sexual if accompanied by the proper intent. Therefore, buttocks are "sexual parts" under Code § 18.2-370.1 if the accused, acting with the requisite lascivious intent, exposes his buttocks to a juvenile or proposes that a juvenile expose the juvenile's buttocks to the accused.* Therefore, because the evidence supports the trial court's finding that appellant acted with lascivious intent, it also supports the finding that the buttocks exposed in each of the challenged cases were "sexual parts" within the meaning of the statute.

Id. at 35-36, 531 S.E.2d at 593 (emphasis added). Thus, as discussed in Moyer, the female breast

may be considered a "sexual part" for purposes of Code § 18.2-370 if the exposure was

accompanied by lascivious intent.[5]

"'[T]he word 'lascivious' describes a state of mind that is eager for sexual indulgence,

desirous of inciting to lust or of inciting sexual desire and appetite.'" Campbell v.

---

[5] Although no published Virginia case has previously held the female breast to be a "sexual part" within the meaning of Code § 18.2-370, appellate courts in other states have found that the female breast is a "sexual" or "intimate" part of the body. See, e.g., Kitts v. Florida, 766 So. 2d 1067, 1068 (Fla. Dist. Ct. App. 2000); State v. Oanes, 543 N.W.2d 658, 661 (Minn. Ct. App. 1996); State v. Turner, 575 P.2d 1007, 1010-11 (Or. Ct. App. 1978).

Commonwealth, 227 Va. 196, 199, 313 S.E.2d 402, 404 (1984) (quoting McKeon v.

Commonwealth, 211 Va. 24, 27, 175 S.E.2d 282, 284 (1970)).

> Intent, like any element of a crime, may, and usually must, be proved by circumstantial evidence such as a person's conduct and statements. Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989). The statements and conduct of an accused after the events that constitute the charged crime may also be relevant circumstantial evidence of intent.

Simon v. Commonwealth, 58 Va. App. 194, 206, 708 S.E.2d 245, 251 (2011).

In Simon, 58 Va. App. at 196, 708 S.E.2d at 246, the defendant appealed his conviction

of taking indecent liberties under Code § 18.2-370 where the evidence did not demonstrate that

the victim saw the defendant's "private" in its entirety. In that case, the ten-year-old victim saw

the defendant sitting in the driver's seat of a parked truck. The defendant's feet were on the

ground outside the vehicle, and his legs were spread apart. See Simon, 58 Va. App. at 197, 708

S.E.2d at 246. The victim could see the defendant's "'private coming out of . . . the inside edge

of his shorts,' neither 'a lot [n]or a little' but 'sort of in the middle.'" Id. In considering whether

the evidence sufficiently proved the defendant's lascivious intent, this Court noted that the

defendant had worn "intentionally modified shorts" with a hole in the crotch and placed himself

in view of the victim. Id. at 209-10, 708 S.E.2d at 253. We found the evidence sufficient to

prove the defendant's lascivious intent. See id.

Considering both the photographic images and the context within which appellant

transmitted them, the evidence clearly demonstrated that she was acting with lascivious intent.

Appellant instigated the contact with her eleven-year-old student by obtaining G.S.'s phone

number through a ruse. The contact was clearly inappropriate between a teacher and an

elementary-school-aged student. Appellant admitted that she knew what she was doing was

wrong and that she could be subject to criminal or professional consequences from it.

- 9 -

Although the parties stipulated that the actual text of the messages "did not rise to the level of explicit or lascivious," the trial court, sitting as factfinder, reasonably found that the photographic images, coupled with other evidence, demonstrated appellant's lascivious intent. While in the bathtub, appellant sent a photo to G.S. of her legs. She then asked if he had ever seen a woman's "boobs." She sent the photo of her breasts. Then, after some discussion about what could be seen in the photo, she told G.S. to delete it. It is hard to imagine such conduct being motivated by something other than lascivious intent.

Finally, although the parties stipulated that the text of the messages "did not rise to the level" necessary to establish lascivious intent, the text of the messages does provide background and context for the photographic images. The transmission of the images occurred against a backdrop of appellant admitting to having a romantic interest in G.S., that she wanted to kiss him, and wishing that he was eighteen so they could be together.

The only reasonable conclusion to be drawn from appellant's course of conduct was that she was attempting to entice sexually an eleven-year-old boy when she sent the photograph of her breasts. The trial court did not err in finding that appellant acted with lascivious intent and that she exposed a sexual part to a child as prohibited by Code § 18.2-370.[6]

## CONCLUSION

The Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty of violating Code § 18.2-374.3(B). Accordingly, we do not disturb her conviction.

Affirmed.

---

[6] Having reached this conclusion, we need not consider the Commonwealth's alternative argument that it was required to prove only that appellant intended to violate Code § 18.2-370, not that an actual violation of that statute occurred.