Present: Keenan, Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Lacy, S.J.

LAMONT D. WRIGHT

v. Record No. 090308          OPINION BY SENIOR JUSTICE
                              ELIZABETH B. LACY
COMMONWEALTH OF VIRGINIA       NOVEMBER 5, 2009

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal we consider whether a conviction under Code § 18.2-308.4(C) for possession of a firearm while possessing a controlled substance with the intent to distribute, requires proof of actual, simultaneous possession of the firearm and controlled substance, or if a conviction can be sustained by proving constructive possession of the firearm and drugs.

FACTS AND PROCEEDINGS

Detective G.B. Smith of the Portsmouth Police Department received a tip from a confidential informant that Lamont D. Wright was distributing cocaine from his black Beretta vehicle on Suburban Parkway in Portsmouth. Smith located and confronted Wright, told him about the informant's information and advised him of his Miranda rights. Because Smith had encountered Wright in possession of a firearm two days earlier, Smith asked Wright if he had the firearm. Wright told Smith that the firearm was at his house. In answer to Smith's questions, Wright denied that he had any cocaine. When Smith searched Wright, he found two small bags that contained a total of five grams of cocaine.

While transporting Wright to his office, Smith asked Wright to cooperate, told Wright that they would have to go back to his house and retrieve his gun, and asked Wright if he had any additional cocaine or a scale. Wright admitted that he had another bag of cocaine in his shoe, which the police retrieved. That bag contained approximately two grams of cocaine. Wright also told Smith that his gun was near the rail of his bed in his bedroom, that a scale was in a dresser drawer, and that about 125 grams of crack cocaine were in the room.

Smith took Wright to his house, which was approximately five miles from the location of the original stop. In Wright's room, police located the gun near the bed, the scales in a dresser drawer, and, at Wright's direction, approximately 117 grams of cocaine in a pocket of his clothing hanging in a closet. Some plastic bags "with corners missing" and ammunition were also found in the room.

Wright was indicted for one count of possession of a controlled substance with the intent to distribute, a violation of Code § 18.2-248, and one count of possession of a firearm while in possession of a controlled substance with the intent to distribute, a violation of Code § 18.2-308.4(C). At trial a police officer expert testified that the amount of cocaine found on Wright's person was inconsistent with personal use and that "everything combined" was inconsistent with personal use. The

expert stated that the gun was something "that you normally find with people that are doing something other than using drugs." The trial court convicted Wright on both charges, sentenced Wright to five years for each charge, and suspended five years of the sentence.

In Wright's appeal to the Court of Appeals, he argued, as relevant here, that a conviction under Code § 18.2-308.4(C) requires the Commonwealth to prove actual, simultaneous possession of both the drugs and the firearm.[1] The Court of Appeals rejected this argument, holding that constructive possession of either or both the drugs and the firearm was sufficient but that "the statute requires proof of a nexus between the firearm and the drugs that the defendant actually or constructively possesses." Wright v. Commonwealth, 53 Va. App. 266, 282, 670 S.E.2d 772, 780 (2009). The Court of Appeals concluded that the evidence was sufficient to satisfy this standard and affirmed Wright's conviction. Id. at 282-87, 670 S.E.2d at 780-82. Wright timely appealed to this Court.

DISCUSSION

Wright argues here, as he did in the Court of Appeals, that Code § 18.2-308.4(C) requires actual, simultaneous possession of

_____

[1] Wright's appeals to the Court of Appeals and this Court included a challenge to the constitutionality of the search of his person and house. Neither Court granted an appeal on this issue.

the firearm and the controlled substance with the intent to distribute.  According to Wright, when he was stopped by Officer Smith and arrested for possession of cocaine with intent to distribute, the firearm was not in his possession but miles away at his house and, therefore, the trial court and Court of Appeals erred in basing his conviction on constructive possession of the firearm.

Code § 18.2-308.4 provides in relevant part:

> A. It shall be unlawful for any person unlawfully in possession of a controlled substance classified in Schedule I or II of the Drug Control Act (§ 54.1-3400 et seq.) of Title 54.1 to simultaneously with knowledge and intent possess any firearm. . . .
> B. It shall be unlawful for any person unlawfully in possession of a controlled substance classified in Schedule I or II of the Drug Control Act (§ 54.1-3400 et seq.) to simultaneously with knowledge and intent possess any firearm on or about his person. . . .
> C. It shall be unlawful for any person to possess, use, or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit the illegal manufacture, sale, distribution, or the possession with the intent to manufacture, sell, or distribute a controlled substance classified in Schedule I or Schedule II of the Drug Control Act (§ 54.1-3400 et seq.) of Title 54.1 or more than one pound of marijuana. . . .

(Emphasis added.)

Wright argues that the use of the word "while" in Subsection (C) rather than "simultaneously" which is used in Subsections (A) and (B) shows a legislative intent to treat the simple possession of drugs differently than possession with the

4

intent to distribute.  That difference, according to Wright, is to limit the use of constructive possession of a firearm to circumstances in which the defendant possesses the firearm and the drugs he intended to distribute at the same time and place.

Statutory interpretation is a question of law which we review de novo, and we determine the legislative intent from the words used in the statute, applying the plain meaning of the words unless they are ambiguous or would lead to an absurd result.  Washington v. Commonwealth, 272 Va. 449, 455, 634 S.E.2d 310, 313-14 (2006).  Nothing in Code § 18.2-308.4 suggests the construction advanced by Wright.  There can be no dispute that the purpose of the legislation was to establish three categories of crimes relating to possession of controlled substances and firearms at the same time.  Although the General Assembly chose to use the word "while" in Subsection (C) rather than "simultaneously" which it used in Subsections (A) and (B), there is no meaningful difference between the two words. "While" is defined as "during the time that," and "simultaneous" is defined as "existing or occurring at the same time." Webster's Third New International Dictionary 2604, 2122 (1993). Thus, both have the temporal meaning of "at the same time."

Furthermore, a well-settled principle of our jurisprudence is that a conviction for unlawful possession of a firearm or controlled substance may be based solely on evidence of

5

constructive possession.  See, e.g., Rawls v. Commonwealth, 272

Va. 334, 349-50, 634 S.E.2d 697, 705 (2006) (constructive

possession of firearm); Walton v. Commonwealth, 255 Va. 422,

426, 497 S.E.2d 869, 872 (1998) (constructive possession of

drugs); Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d

799, 805-06 (1970) (constructive possession of drugs).  Nothing

in Code § 18.2-308.4(C) alters or suggests an intent to alter

this principle.  Accordingly, in Bolden v. Commonwealth, 275 Va.

144, 654 S.E.2d 584 (2008), when considering a violation of

Subsection (C) of Code § 18.2-308.4 based on constructive

possession of a firearm we recited the well-established general

rule:

> To establish constructive possession of the firearm
> by a defendant, "the Commonwealth must present
> evidence of acts, statements, or conduct by the
> defendant or other facts and circumstances proving
> that the defendant was aware of the presence and
> character of the firearm and that the firearm was
> subject to his dominion and control."

Id. at 148, 654 S.E.2d at 586 (quoting Rawls, 272 Va. at 349,

634 S.E.2d at 705).

Wright also argues that the trial court and the Court of

Appeals erred in concluding that sufficient evidence was

produced to show that he possessed the firearm while committing

the offense of possession of cocaine with the intent to

distribute or to show a nexus between the possession of the

firearm and the criminal act.  Wright's arguments are based

6

primarily on his premise that the crime of possession of cocaine with intent to distribute occurred while he was in or at his car on Suburban Parkway and the police recovered some cocaine. However, at Wright's direction and in his presence, cocaine was also found in his bedroom along with the firearm. The indictment charging a violation of Code § 18.2-308.4(C) did not limit the charge to Wright's possession of cocaine with intent to distribute while in his automobile on Suburban Parkway. Trial testimony established that both the cocaine recovered from Wright at the time of his initial arrest and "everything combined," which included the cocaine recovered at Wright's home, the gun, the packaging material, and the scale, along with the absence of items to use cocaine, supported the conclusion that the cocaine was not for personal use. Taking the evidence in the light most favorable to the Commonwealth, the prevailing party below, Riley v. Commonwealth, 277 Va. 467, 482-83, 675 S.E.2d 168, 177 (2009), we conclude that the evidence recovered at Wright's house was sufficient to establish that Wright constructively possessed the firearm while constructively possessing cocaine with the intent to distribute.[2]

Finally, we need not address Wright's arguments that the evidence was insufficient to establish a nexus between the

---

[2] Wright's challenge is limited to the issue of possession of the firearm. His conviction for possession of cocaine with intent to distribute is not the subject of this appeal.

possession of the firearm and the unlawful activity.  The Court

of Appeals held that "the statute requires proof of a nexus

between the firearm and the drugs that the defendant actually or

constructively possesses."  Wright, 53 Va. App. at 282, 670

S.E.2d at 780.  However, nothing in Code § 18.2-308.4(C)

contains such a requirement.[3]  As stated above, the terms

"simultaneously" and "while" have a temporal meaning.  Neither

of these words nor any other language used in the statute

carries with it the requirement that the firearm is in some way

being used in conjunction with the unlawful drug activity or to

further such activity.  The General Assembly has criminalized

the possession of a firearm in conjunction with other

circumstances without regard to whether the firearm is utilized

for any purpose connected to such circumstances.  See, e.g.,

Code § 18.2-308.1(B) (possession on school grounds); Code

§ 18.2-308.2 (possession by a felon); Code § 18.2-308.2:01

(possession by a non-citizen).  In the absence of any statutory

language supporting the requirement of a "nexus" between the

possession of the firearm and the illegal activity, we cannot

impose such a requirement in prosecutions under this Code

section.  Compare the very different language found in a federal

---

[3] Although the record reflects that the Commonwealth apparently "conceded" that the statute contained a nexus requirement, the issue is a question of law which is not subject to a concession binding on this Court. Tuggle v. Commonwealth, 230 Va. 99, 111 n.5, 334 S.E.2d 838, 846 n.5 (1985).

8

provision, 18 U.S.C. § 924(c)(1)(A)(2006 & Supp. I 2007)("any person who, during and <u>in relation to</u> any . . . drug trafficking crime . . . <u>in furtherance of any such crime</u>, possesses a firearm" shall be sentenced to imprisonment in addition to the sentence for the drug trafficking crime)(emphasis added).

Accordingly, for the reasons expressed in this opinion, we will affirm the judgment of the Court of Appeals.

<u>Affirmed.</u>