# CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Joel Steven Lott

June 2, 2010

Case No. CL08007128

By Judge J. Michael Gamble

I am writing to furnish the ruling of the court in this case. In this regard, I find in favor of the Commonwealth and order that the 18.798 acres owned by the defendant be forfeited to the Commonwealth of Virginia pursuant to Va. Code § 19.2-386.22.

The defendant acquired Lot 6 of Joshua Oaks Estates, containing 18.798 acres, by deed dated June 19, 2000, and recorded at Deed Book 813, page 817, in the Clerk's Office of the Circuit Court of Amherst County. The evidence presented at trial established that there are no liens or judgments against this real estate.

On March 16, 2009, the defendant pleaded guilty to manufacturing marijuana in violation of § 18.2-248.1(c). The defendant pleaded guilty pursuant to an "Alford" plea. A violation of Va. Code § 18.2-248.1(c) has a minimum sentence of confinement in prison for a period of five years.

The evidence presented at the trial of this case established that the defendant was growing a significant quantity of marijuana on his Lot 6 and the adjacent Lot 5. Russ Nixon, a land surveyor, discovered the plants while surveying the common boundary line between Lot 6 and Lot 5. Ultimately, the police seized a total of 53 plants from Lots 6 and 5. The general location of these plants is shown on Commonwealth Exhibit # 2. Although these

plants were located in pots in an area with significant underbrush, there was an extensive irrigation and cultivation system discovered by the police. The photographs set forth in Commonwealth Exhibits 4 through 15 demonstrate the extensive irrigation and cultivation system found by the police. Further, an old van shown on Commonwealth Exhibit 9 contained cultivation equipment. This van was located near the marijuana plants.

Pursuant to a search of the home of the defendant located in Madison Heights, scales and plastic bags were found.

The defendant admitted to the police that he had been growing marijuana for four years. However, he testified that it was for his personal use. A portion of the marijuana was tested by the Department of Forensic Science. The plant material tested weighed 1.74 pounds and was confirmed as being marijuana.

Trooper D. D. Tuggle of the Department of State Police qualified as an expert witness on the use, cultivation, and sale of illegal drugs. He has had extensive experience in marijuana and controlled substances. Trooper Tuggle testified that the 53 plants of marijuana were inconsistent with personal use. He further testified that approximately $3,500.00 worth of marijuana could be obtained from each of the 53 plants. Also, each plant contained approximately one pound of usable marijuana. Trooper Tuggle testified that the marijuana degrades quickly. In fact, it degrades by at least one-half in sixty days. Therefore, it is unlikely that this quantity of marijuana would be for personal use because it degrades so quickly that it cannot be completely consumed. According to Trooper Tuggle, it would take over 400 days for this quantity of marijuana to be consumed if it were being used for personal use.

The quantity of marijuana being raised together with the extensive cultivation and irrigation system, present overwhelming evidence that the property owned by Mr. Lott was being used for the manufacture of marijuana that was not for his personal use. Generally, if the quantity of drugs possessed is greater than that ordinarily possessed for personal use, that fact alone may be sufficient to prove intent to distribute. *Williams v. Commonwealth,* 42 Va. App. 723, 736-37, 594 S.E.2d 305 (2004); *Dukes v. Commonwealth,* 227 Va. 119, 122, 313 S.E.2d 382 (1984); *Dutton v. Commonwealth,* 220 Va. 762, 764, 263 S.E.2d 52 (1980). Further, the presence of equipment related to drug distribution may be probative evidence of intent to distribute drugs. *Wright v. Commonwealth,* 278 Va. 754, 760, 685 S.E.2d 655 (2010). In the instant case, as noted above, scales were found in the home of the defendant. Further, packaging material, such as the plastic bags found by the police, is probative of intent to distribute. *Wright,* 278 Va. at 760.

The factors the court may consider relating to intent to distribute drugs negate any argument that the marijuana manufactured by the defendant was for his personal use. Further, a fact finder may consider expert testimony by police officers in determining whether drugs were possessed with intent

34

to distribute. *Askew v. Commonwealth*, 40 Va. App. 104, 110, 578 S.E.2d 58 (2003); *Davis v. Commonwealth*, 12 Va. App. 728, 733, 406 S.E.2d 922 (1991). In the instant case, the expert testimony of Trooper Tuggle identified the many reasons why the 53 plants being raised by the defendant were not for his personal use.

The real estate that is the subject of this litigation is subject to seizure and forfeiture pursuant to the provisions of Va. Code § 19.2-386.22(A)(i)(b). Marijuana was manufactured on it with the intent to distribute in contravention of Va. Code § 18.2-248.1(c). Accordingly, I find that the forfeiture has been established and that the property is condemned as set forth in Va. Code § 19.2-386.11. I further direct that a sale be made of this real estate by public auction pursuant to the provisions of Va. Code § 19.2-386.12 of the Code of Virginia. The sale price of the highest bidder must be approved by the court before the sale can be completed. Once the real estate is sold, I will enter an order vesting title to the real estate in the highest bidder whose bid has been approved by the court.

At approximately 3:30 p.m. on the day before trial, counsel for the defendant requested a jury trial. This request was renewed the next day before the trial began. No written motion for a jury trial was filed. The court denied the late motion for a jury trial on several grounds. First, a hearing on scheduling this case for trial was held on February 9, 2010. Present were counsel for the plaintiff, counsel for the defendant, and the defendant. At that time, at the request of the parties, the court set this case for trial. No request for a jury was made. The court scheduled the entire day of May 27, 2010, for trial. At no time between February 9, 2010, and 3:30 p.m. on May 26, 2010, was there any request for a jury trial. The Commonwealth summonsed many witnesses for trial, including state police, a surveyor, and a forensic scientist from the Department of Forensic Science. The defendant did not summons any witnesses, nor did the defendant call any witnesses to testify at the trial. It was impossible for the court to have a jury present for trial with the late request for a jury trial. Further, the court committed an entire day for the trial of this case. This circuit was reduced from five judgeships to four judgeships as a result of the budget issues in the Virginia General Assembly. Substitute judges are only authorized for eight days a month. Thus, the docket of this judge is very congested due to the need to absorb the additional caseload created by the reduction of judges in this circuit.