COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges McCullough and Huff
Argued at Alexandria, Virginia


RICHARD CLAYTON

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2095-11-4          CHIEF JUDGE WALTER S. FELTON, JR.
                                              AUGUST 7, 2012
STATE BUILDING CODE TECHNICAL REVIEW BOARD


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        Nolan B. Dawkins, Judge

          Richard Clayton, *pro se*.

          Steven P. Jack, Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


       Richard Clayton ("appellant") appeals an order entered by the Circuit Court of the City of

Alexandria ("circuit court"), upholding the State Building Code Technical Review Board's

("Review Board") decision that the absence of firestops[1] in appellant's condominium building does

not violate the Statewide Fire Prevention Code ("SFPC").[2]

                                      I.  ANALYSIS

       Appellant asserts the circuit court erred by concluding that the Review Board "committed no

error of law" in finding that the SFPC does not require retrofitting or new construction of firestops

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] A firestop is a noncombustible, horizontal or vertical barrier across a hollow wall or an
open room, designed to stop the spread of fire.

       [2] The circuit court, on the same facts and circumstances presented in this appeal,
previously rejected appellant's contention that the absence of firestops in his condominium
building violated the Virginia Maintenance Code ("VMC").  On appeal, this Court affirmed the
circuit court's ruling.  See Clayton v. State Bldg. Code Technical Review Bd., No. 1847-10-4
(Va. Ct. App. Feb. 8, 2011).

in the condominium building in which appellant resides.[3]  Appellant asserts the circuit court erred

by affirming the Review Board's determination that firestops were never "provided" in his

condominium building when it was constructed, and therefore cannot be "maintained" pursuant to

Section 102.2 of the SFPC.  He further contends the circuit court erred by upholding the Review

Board's determination that the fire resistant partitions that are present in appellant's building satisfy

the fire resistance requirements of the Virginia Public Building Safety Regulations ("VPBSR").[4]

> On appeal of an agency decision, "the sole determination as to factual issues is whether substantial evidence exists in the agency record to support the agency's decision.  The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind necessarily would come to a different conclusion."

Avalon Assisted Living Facilities v. Zager, 39 Va. App. 484, 499-500, 574 S.E.2d 298, 305 (2002)

(quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988)).  "In making

this determination, 'the reviewing court shall take due account of the presumption of official

regularity, the experience and specialized competence of the agency, and the purposes of the basic

law under which the agency has acted.'"  Id. at 500, 574 S.E.2d at 305 (quoting Johnston-Willis, 6

Va. App. at 242, 369 S.E.2d at 7).  This Court will not reverse an agency decision absent "'arbitrary

or capricious action that constitutes a clear abuse of the delegated discretion.'"  Virginia Alcoholic

---

[3] Specifically, the circuit court upheld the Review Board's determination that the SFPC does not require retrofitting or construction of new firestops in a hollow wall cavity used as a return air duct, situated between appellant's and another condominium unit.

[4] In his fifth assignment of error, appellant asserts, for the first time on appeal, that the Review Board erred by not construing Section 104.1 of the SFPC as requiring construction of firestops in appellant's building.  In his sixth assignment of error, he asserts, for the first time on appeal, that the Review Board "materially misrepresented the facts regarding the hollow wall in question as if it were purposely designed to act as a common return air duct for all four units in the building for [his] unit."  Opening Br. at 5-6.  This Court will not consider arguments raised for the first time on appeal.  Rule 5A:18.  Accordingly, we will not consider appellant's fifth and sixth assignments of error.

Beverage Control Comm'n v. York Street Inn, Inc., 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979) (quoting Schmidt v. Board of Adjustment of City of Newark, 88 A.2d 607, 616 (N.J. 1952)).

The evidence presented to the Review Board showed that the condominium building in which appellant resides was constructed prior to 1973. Section 102.2 of the SFPC provides, in pertinent part:

> Buildings and structures constructed prior to the [Uniform Statewide Building Code] (1973) shall comply with the maintenance requirements of the SFPC to the extent that *equipment, systems, devices, and safeguards which were provided and approved when constructed shall be maintained.* Such buildings and structures, if subject to the state fire and building regulations (Virginia Public Building Safety Regulations, VR 394-01-05) in effect prior to March 31, 1986, shall also be maintained in accordance with those regulations.

13 VAC 5-51-21(C) (emphasis added).

Applying this provision, the Review Board upheld the local fire official's determination that the SFPC did not require retrofitting of firestops in appellant's building because the SFPC was a maintenance and use code and only required repair to *existing* firestops that had been breached or damaged. The Review Board found that firestops had not been provided in the hollow wall cavity common to appellant's and another condominium unit when appellant's building was constructed. Accordingly, the Review Board concluded that "Section 102.2 of the SFPC cannot be used as the basis for [appellant's] building to be in violation of the SFPC" because "there is no lack of maintenance of any provided and approved equipment, systems, devices or safeguards."

The Review Board further determined that, pursuant to Section 102.2 of the SFPC, appellant's building did not violate the provisions of the VPBSR related to fire resistance ratings of air ducts and interior shaftways used for ventilation. The Review Board found that Sections 508 and 509 of the VPBSR set out the requirements for fire resistance ratings of air ducts and interior shaftways, such as the hollow wall cavity common to appellant's and another condominium unit.

The Review Board explained that Subsections 508-2 and 509-2 of the VPBSR require that interior shaftways and ducts regulated by those sections "shall be enclosed in the same manner and to the same extent as required by the provisions of Subsection 404-2 for interior stairways which are not required as a means of egress." Subsection 404-2(c), in turn, requires that enclosures for interior stairways "hav[e] a fire resistance rating of not less than [three-quarters of an] hour."[5] The Review Board determined that appellant's building complied with those provisions of the VPBSR because:

> [t]estimony and evidence was provided indicating that two layers of gypsum wallboard were enclosing the wall cavity used as the return air chase in [appellant's] building, as it is part of the wall separating [his] unit from a neighboring unit. . . . Two layers of gypsum wallboard was typical construction in pre-USBC buildings for a ¾-hour fire resisting partition.

Accordingly, the Review Board concluded that "no SFPC violations [were] present in [appellant's] building."

Appellant asserts that the Review Board misinterpreted the "provided and approved" clause of Section 102.2 of the SFPC. He asserts that the Review Board ignored maintenance requirements found in Sections 301.3 and 703.1 of the SFPC and that those sections require retrofitting of firestops in his building. He also contends the Review Board failed to consider the firestopping requirements set out in Section 506 of the VPBSR, asserting that Section 506 "is the section [of the VPBSR] . . . [that] applies to [his] wall."

Appellant's appeal rests largely upon principles of statutory interpretation, which is a question of law that we review *de novo*. Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007). "[W]e determine the legislative intent from the words used in

---

[5] This requirement is consistent with the requirements in Sections 508 and 509 of the VPBSR. Subsection 508-2(e) provides that "not less than" a three-quarter-hour fire resistance rating is necessary for shaftway enclosures. Similarly, subsection 509-1 provides that enclosures for ducts "need not have a fire resistance rating in excess of" three-quarters of an hour.

the statute, applying the plain meaning of the words unless they are ambiguous or would lead to an absurd result." Wright v. Commonwealth, 278 Va. 754, 759, 685 S.E.2d 655, 657 (2009).

The Review Board determined that the SFPC, as a maintenance and use code, requires maintenance of safeguards that were provided and approved at the time of construction, and does not require retrofitting or new construction of firestops in appellant's building. The SFPC does not define "provided" or "maintenance." However, Section 201.4 of the SFPC does provide that, "[w]here terms are not defined . . . , such terms shall have ordinarily accepted meanings such as the context implies." Webster's Third New International Dictionary defines "provided" as "supplied with necessaries: equipped, furnished," and defines "maintenance" as "the labor of keeping something (as buildings or equipment) in a state of repair or efficiency: care, upkeep." Webster's Third New International Dictionary 1827, 1362 (2002). When the ordinarily accepted meanings of "provided" and "maintained" are read in conjunction with Sections 102.2, 301.3, and 703.1 of the SFPC, it is clear that the legislature did not intend the SFPC's maintenance provisions to require retrofitting or new construction of firestops.[6] Accordingly, we conclude the Review Board did not err by finding that the SFPC does not require retrofitting of firestops in appellant's condominium building.

Similarly, we find no error in the Review Board's determination that appellant's building fully complied with Sections 508 and 509 of the VPBSR and that consideration of Section 506, setting out the general provisions applicable to firestopping, did not compel a different result. Because the Review Board's findings were not arbitrary and capricious, and because the SFPC and

---

[6] Section 301.3 of the SFPC provides, in pertinent part, that "[t]he occupancy of a structure shall be continued as originally permitted under and in full compliance with the codes in force at the time of construction or alteration." Section 703.1 provides, in pertinent part, that "[t]he required fire-resistance rating of fire-resistance-rated construction . . . shall be maintained."

VPBSR by their plain language support the Review Board's conclusions, we will not disturb its decision on appeal.

For these reasons, we hold that, as a matter of law, the Review Board did not act arbitrarily or capriciously in finding that neither the SFPC nor the VPBSR requires the retrofitting of firestops in appellant's building as a matter of law.

## II.  CONCLUSION

For the foregoing reasons, we conclude the circuit court did not err in finding that the Review Board "committed no error of law" in upholding the Review Board's decision. Accordingly, we affirm.

<u>Affirmed.</u>