UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Causey and Senior Judge Clements

SHAUNACY ROY BISHOP

MEMORANDUM OPINION*
v.      Record No. 1057-21-2                         PER CURIAM
                                                     AUGUST 16, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AMELIA COUNTY
Paul W. Cella, Judge

(David G. Moss; The Law Office of David G. Moss, PLLC, on
brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee.


The Circuit Court of Amelia County, following a bench trial, convicted Shaunacy Roy

Bishop of possessing a Schedule I or II controlled substance with intent to distribute, in violation of

Code § 18.2-248, and possessing a firearm with knowledge and intent while possessing such a

substance with the intent to distribute, in violation of Code § 18.2-308.4.[1] Bishop was sentenced to

a total term of twenty years' incarceration on the two charges with fourteen years and six months

suspended. On appeal, Bishop challenges the sufficiency of the evidence to sustain his convictions.

After examining the briefs and record in this case, the panel unanimously agrees that

because "the appeal is wholly without merit," oral argument is unnecessary. Therefore, we dispense

with oral argument in accordance with Code § 17.1 403(ii)(a); Rule 5A:27(a).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The circuit court also convicted Bishop of one count of failure to appear, which Bishop
did not appeal.

BACKGROUND

At a bench trial, Amelia County Sheriff's Deputy Russell Dunford testified that in January 2020, he went to an Amelia County campground to execute a warrant for Bishop's arrest. The campground's owner, Phillip Butler, gave Deputy Dunford permission to search a camper. When Deputy Dunford entered the camper, he found Bishop in its kitchen area and arrested him. Deputy Dunford saw suspected drugs and paraphernalia sitting on the kitchen table "right beside" Bishop. Deputy Dunford secured the camper and obtained a warrant to search it.

During the ensuing search, Deputy Dunford found a backpack near the kitchen table, to the right of where Bishop had been standing and within his reach; the backpack contained two cell phones, a "range finder scope"[2] bearing Bishop's name, and a .22-caliber revolver. Deputy Dunford recovered four plastic bags containing a white substance and submitted them to the Department of Forensic Science ("DFS"). A DFS certificate of analysis, admitted without objection, reported that one bag contained approximately 1.2411 grams of methamphetamine, the second bag contained approximately 1.1753 grams of methamphetamine, and the third and fourth bags contained a combined total of approximately 10.4553 grams of methamphetamine. Deputy Dunford also recovered additional paraphernalia from a safe, including a set of digital scales, plastic baggies, and a *de minimis* amount of methamphetamine.

Bishop moved to strike the evidence when the Commonwealth rested, arguing that nothing showed the drugs or revolver belonged to him, that he knew they were in the camper, or how long he had been inside it. He contended that his cooperation without any attempt to conceal or destroy the evidence was consistent with his lack of knowledge. He also asserted that nothing linked him to the safe or its contents, the keys for which were found on Butler's keyring in Butler's vehicle.

---

[2] The record does not explain what a "range finder scope" is, but Bishop did not contest that the item was found in the backpack and bore his name.

Although the range finder scope in the backpack bore his name, Bishop contended that the Commonwealth's proof did not exclude the hypothesis that someone had borrowed or obtained the scope and put it in the backpack.

The Commonwealth responded that the bags containing the drugs were in plain view on the table, and the backpack containing the revolver was within arm's reach when Bishop was arrested.

The circuit court denied Bishop's motion to strike the evidence, finding that the evidence was sufficient to establish a *prima facie* case because Bishop was the sole occupant of the camper and in close proximity to the contraband.

Bishop did not call any new witnesses but did recall Deputy Dunford, who testified that one of the bags of methamphetamine had been found directly on top of Bishop's cell phone. Bishop renewed his motion to strike, which the court again denied. As noted above, Bishop was convicted and sentenced to a term of twenty years' incarceration with fourteen years and six months suspended on these charges. Bishop timely appealed.

ANALYSIS

Bishop asserts that the evidence was insufficient to convict him of possession with intent to distribute because the Commonwealth failed to exclude the hypothesis that Bishop was at the camper to purchase drugs from its owner for his own personal consumption. He also contends that the evidence was insufficient to convict him of the firearm charge because there was no evidence that he possessed the revolver.[3] Bishop argues that the Commonwealth failed to prove that he owned any of the items found in the camper, other than one cell phone and the scope.

---

[3] Bishop also argues that if the Commonwealth's evidence was insufficient to convict him of possession of illegal drugs with the intent to distribute, his conviction under Code § 18.2-308.4 for possession of a firearm while in possession of methamphetamine must necessarily be vacated.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." *Vay v. Commonwealth*, 67 Va. App. 236, 242 (2017) (quoting *Smallwood v. Commonwealth*, 278 Va. 625, 629 (2009)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Id.* (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

"A conviction for unlawful possession of a firearm or controlled substance may be based solely on evidence of constructive possession." *Wright v. Commonwealth*, 278 Va. 754, 759 (2009). "Whether evidence is sufficient to prove constructive possession 'is largely a factual' question and requires circumstantial proof 'that the defendant was aware of the presence and

- 4 -

character of the [contraband] and that the [contraband] was subject to his dominion and control.'" *McArthur v. Commonwealth*, 72 Va. App. 352, 368 (2020) (quoting *Smallwood*, 278 Va. at 630). The Commonwealth may meet this burden with either direct or circumstantial evidence. *Id.* Indeed, "[a]bsent a direct admission by the defendant, intent to distribute must necessarily be proved by circumstantial evidence." *Cole v. Commonwealth*, 294 Va. 342, 361 (2017) (quoting *Williams*, 278 Va. at 194).

"Circumstantial evidence is evidence of facts or circumstances not in issue from which facts or circumstances in issue may be inferred." *Byers v. Commonwealth*, 23 Va. App. 146, 151 (1996) (alteration omitted) (quoting 1 Charles E. Friend, *The Law of Evidence in Virginia* § 12-1 (4th ed. 1993)). "[C]ircumstantial evidence 'is as competent as direct evidence' to prove the elements of a crime, 'provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" *Young v. Commonwealth*, 70 Va. App. 646, 653 (2019) (alteration omitted) (quoting *Simon v. Commonwealth*, 58 Va. App. 194, 206 (2011)). "'[T]he hypotheses which must be thus excluded,'" however, "'are those which flow from the evidence itself, and not from the imaginations of' the defense." *Haas v. Commonwealth*, 299 Va. 465, 468 (2021) (quoting *Cook v. Commonwealth*, 226 Va. 427, 433 (1983)). "Whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." *Holloway v. Commonwealth*, 57 Va. App. 658, 666 (2011) (quoting *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004)).

As the circuit court noted, Deputy Dunford found Bishop alone in the kitchen area of the camper within arm's reach of methamphetamine lying in plain view on the kitchen table. The court also noted that one of the bags of methamphetamine was lying directly on top of Bishop's cell phone.[4] The evidence therefore was sufficient to prove that Bishop constructively possessed the

---

[4] Bishop admitted that the cell phone was his.

methamphetamine because he was aware of its presence and character and it was under his dominion and control. *McArthur*, 72 Va. App. at 368.

Circumstantial evidence that may be probative of an intent to distribute a controlled substance includes: the quantity of the drugs seized, the manner in which the drugs were packaged, and the presence of an unusual amount of cash, equipment associated with drug distribution, or firearms. *Cole*, 294 Va. at 361. In considering whether the evidence was sufficient to prove possession with intent to distribute, "quantity, alone, may be sufficient to establish such intent if it is greater than the supply ordinarily possessed for one's personal use." *Dukes v. Commonwealth*, 227 Va. 119, 122 (1984). Moreover, even a small quantity of drugs suggesting personal use supports an inference of an intent to distribute when the drugs are packaged for distribution. *Cole*, 294 Va. at 362. Thus, even discarding the evidence of the scales and baggies found in the safe, the evidence establishes that the methamphetamine in plain view was packaged for distribution. Two plastic bags each contained less than one-and-a-quarter grams of methamphetamine and were found alongside more than ten grams of methamphetamine, suggesting that the larger amount was to be divided up into smaller quantities. A reasonable fact finder could infer from this evidence that Bishop intended to distribute the methamphetamine.

Although Bishop argues that this circumstantial evidence does not exclude the possibility that he was in the camper to buy methamphetamine for personal use, that hypothesis of innocence is unsupported by the evidence. The circuit court expressly rejected it as unreasonable at trial, and that decision was not plainly wrong or unsupported by the record. One bag of methamphetamine was found on top of Bishop's phone while he was the only person inside the camper. The circuit court stated, "It's very clear that the defendant [was] the only one inside that trailer, and there's no evidence that others at that time [were] inside the trailer." Moreover, as the Commonwealth observes, Bishop had no money for a contemporaneous purchase. Accordingly, the evidence is

sufficient to support an inference that Bishop possessed the drugs with the intent to distribute them and the circuit court's conclusion was not erroneous. *Haas*, 299 Va. at 468; *Cole*, 294 Va. at 362.

We also reject Bishop's argument that the evidence did not establish that he possessed the revolver. As the circuit court noted, the revolver was found in the backpack that had been within arm's reach of Bishop. Significantly, the backpack contained at least one item Bishop undisputedly owned: the scope. This evidence is sufficient to support an inference that the backpack was his and, therefore, that he was aware of the presence and character of the revolver and that it was within his control and dominion, again establishing constructive possession. *McArthur*, 72 Va. App. at 368. Bishop's supposed hypothesis of innocence, that he earlier loaned the scope to the camper's owner, who put it in the backpack without Bishop's knowledge, is unsupported by any evidence. The circuit court, sitting as fact finder, rejected this hypothesis as unreasonable at trial. Consequently, the circumstantial evidence is sufficient to prove the required elements of the offense. *Young*, 70 Va. App. at 653; *Haas*, 299 Va. at 468.

Finally, because we hold that the circuit court did not err in concluding that the evidence was sufficient to prove that Bishop possessed the methamphetamine with intent to distribute and that he possessed the revolver, Bishop's argument regarding the sufficiency of the evidence to sustain his conviction under Code § 18.2-308.4 is precluded.

For the foregoing reasons, we affirm Bishop's convictions.

*Affirmed.*